UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JADE MARIBEL MARIN MARIN,

Petitioner,

v.

ICE FIELD DIRECTOR,

Respondent.

Case No. 26-cv-01830-TLF

ORDER FOR CLARIFICATION AND FOR SUPPLEMENTAL BRIEFS, § 2241 PETITION

Petitioner, who was initially self-represented, has filed a 28 U.S.C. § 2241 immigration habeas petition, and memorandum in support of the petition. Dkt. 5, 5-1. Counsel was appointed and filed a supplemental brief. Dkt. 13. The respondent filed a return brief in response to the habeas corpus petition. Dkt. 14. Having reviewed the petition, the Court ORDERS:

**I. Subject Matter Jurisdiction**

Petitioner has identified "Ice Field Office Director" as the sole respondent. However, the warden of the Northwest ICE Processing Center/Tacoma Northwest Detention Center ("NWIPC") is Bruce Scott.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court

cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (citation modified). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Indeed, "core habeas petitioners challenging their present physical confinement [must] name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition." *Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024). If a petitioner fails to do so, the district court lacks jurisdiction over the petition. *Id.* at 1195–97. The warden, Bruce Scott, is the proper respondent in this matter.

To clarify the record, the petitioner is ordered to show cause within 7 business days of the filing of this order, as to whether she will make a motion to add as a respondent, the warden of the facility where she was detained at the time she filed her habeas corpus petition. If the petitioner files a motion to add the warden as a respondent, then she need not take further action on the order to show cause. If the motion is not filed on or before 7 business days after the filing of this order, the Court will dismiss this case without prejudice.

**II. Hearing Standard**

Petitioner asserts her continued detention violates due process; she requests relief of either release or a hearing.

As for the hearing, she argues that the Immigration Court is required to conduct an individualized bond hearing, that the hearing must be conducted by an Immigration Judge (IJ) with the government bearing the burden of proof to justify continued detention by clear and convincing evidence, and the IJ must consider petitioner's ability to pay and alternative conditions of release. Dkt. 5, Dkt. 5-1 at 3-6, 9.

The parties have not fully analyzed this issue, and the Court is not aware of Ninth Circuit precedent on point, although two other federal circuit courts have analyzed similar due process as-applied issues. *See Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021); *Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020).

If the petitioner files a motion to add the warden as a respondent, and if the Court grants the motion, then petitioner must file a supplemental brief within 14 days after the Court decides her motion, addressing the procedural and substantive due process issue raised in her petition, regarding the hearing that she asserts.

Within 14 days of the date petitioner files the supplemental brief, respondent(s) must file a supplemental brief addressing this issue. Reply briefs will not be accepted.

Dated this 17th day of August, 2026.

Theresa L. Fricke
United States Magistrate Judge